

1   TIMOTHY S. THIMESCH, Esq. (SBN 148213)
    THIMESCH LAW OFFICES
2   tim@thimeschlaw.com
    158 Hilltop Crescent
3   Walnut Creek, CA 94597-3452
    Telephone:    (925) 588-0401
4   Facsimile:    (888) 210-8868

5   Attorneys for Plaintiff CRAIG YATES

6

7                                                                    **MEJ**

8              UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA    **5404**
9

10  CRAIG YATES                          )   Case No.
                                         )   Civil Rights
11                     Plaintiff,        )
                                         )   **COMPLAINT FOR INJUNCTIVE &**
12  vs.                                  )   **DECLARATORY RELIEF AND**
                                         )   **DAMAGES:** DENIAL OF CIVIL
13  YEE MEI CHEUNG & FAMILY; YEE         )   RIGHTS OF A DISABLED PERSON IN
    MEI CHEUNG; TAT CHEUNG; MACIEL       )   VIOLATION OF THE AMERICANS
14  CICERO; LAGHAEI FARID; WAI BING      )   WITH DISABILITIES ACT OF 1990,
    CHEUNG; YOUNG NG YING; VILLAGE       )   AND CALIFORNIA'S DISABLED
15  PIZZERIA; VILLAGE PIZZERIA, INC.;    )   RIGHTS STATUTES
    THIDWICK BOOKS; LEA GREY;            )   **DEMAND FOR JURY TRIAL**
16  PERIOD GEORGE; GIBSON LINES,         )
    LLC; DONALD GIBSON; and DOES 1       )   [Proper Intradistrict Assignment: San
17  through 50, Inclusive,               )   Francisco/Oakland]
                                         )
18                     Defendants.       )
                                         )
19

20         Plaintiff CRAIG YATES, on behalf of himself and all other similarly situated disabled

21  persons, hereby complains of Defendants YEE MEI CHEUNG & FAMILY, a California

22  General Partnership, and as the owner of the subject parcel; YEE MEI CHEUNG, an

23  individual, and as a General Partner in YEE MEI CHEUNG & FAMILY; TAT CHEUNG, an

24  individual, and as a General Partner in YEE MEI CHEUNG & FAMILY; MACIEL CICERO,

25  an individual, as the owner of Village Pizzeria at 1 Clement Street; LAGHAEI FARID, an

26  individual, as the owner of Village Pizzeria at 1 Clement Street; WAI BING CHEUNG, an

27  individual, and as a General Partner in YEE MEI CHEUNG & FAMILY; YOUNG NG

28  YING, an individual, and as a General Partner in YEE MEI CHEUNG & FAMILY;

1  VILLAGE PIZZERIA, a business entity, form unknown; VILLAGE PIZZERIA, INC., a

2  California Corporation, as the owner of Village Pizzeria at 1 Clement Street; THIDWICK

3  BOOKS, a business entity, form unknown; LEA GREY, an individual, and as the owner of

4  Thidwick Books at 11 Clement Street; PERIOD GEORGE, a business entity, form unknown;

5  GIBSON LINES, LLC, a California Limited Liability Company, and as the owner of Period

6  George at 7 Clement Street; DONALD GIBSON, an individual, and as the owner of Period

7  George; and DOES 1 through 50, Inclusive (hereafter "Defendants"), and demands a trial by

8  jury, and alleges as follows:

9                                  **INTRODUCTION**

10        1.      This case involves the disabled accessibility of the Building and businesses

11  located at #s 1, 7 and 11 Clement Street, San Francisco, CA, which each exclude persons with

12  disabilities in wheelchairs, particularly numbers 7 and 11, which have steep wooden ramps

13  leading to a step at their entrances.  These are extreme tipping hazards.  Plaintiff CRAIG

14  YATES is a person with physical disabilities and utilizes a wheelchair for mobility.  His goal

15  is positive: make the facility available to all persons alike regardless of their physical

16  condition.

17        2.      The configuration of the building and subject businesses, particularly its

18  entrances, and public restrooms, deny "full and equal" access required by Title III of the

19  Americans With Disabilities Act of 1990, the California Disabled Rights Acts (sections 54

20  and 54.1 ff Civil Code), and Title 24 of the California Code of Regulations (now known as the

21  California Building Code).  As a result, Plaintiff has been continuously denied access and/or

22  deterred from visiting the subject building and businesses during the two years preceding the

23  filing of this complaint, suffered violation of his Civil Rights to full and equal access, suffered

24  a denial of his right to due process, was embarrassed and humiliated, and suffered statutory

25  and general damages.  Plaintiff seeks damages and injunctive relief requiring provision of

26  access under the ADA at section 308; and injunctive relief for "full and equal access" and

27  statutory damages under California law.

28  ////

Ohlmsch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 2 —

1

## JURISDICTION AND VENUE

2      3.    This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for

3  violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*. Pursuant

4  to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are

5  also brought under California law, including but not limited to violations of California Health

6  & Safety Code Sections 19955 *et seq*., including Section 19959; Title 24 California Code of

7  Regulations; and California Civil Code Sections 54 and 54.1 *et seq*.

8      4.    Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded on

9  the fact that the real property which is the subject of this action is located in this district and

10  that Plaintiff's causes of action arose in this district.

11      5.    Intradistrict Jurisdiction.  Under Local Rules 3-2 (c) and (d), intradistrict

12  assignment to the San Francisco District is appropriate because the real property that is the

13  subject of this action is located in Marin County, California and Plaintiff's causes of action

14  arose in San Francisco.

15      6.    Plaintiff alleges continuous and ongoing discrimination.  Plaintiff has visited

16  this building and the subject businesses on numerous occasions, and has also been deterred

17  from returning on other occasions and on a sustained basis.  Plaintiff's several complaints to

18  the Defendants, both in writing and oral, have been largely ignored.  Defendants' only

19  responsive efforts were vague letters, placing the aforementioned hazardous ramps at the two

20  entrances, and placing meaningless CASp inspection signs on the building.  Plaintiff alleges

21  that it would be a futile gesture to provide further notices of violations relating to Plaintiff's

22  continuous visits and deterrence, which are certain to occur on regular basis following the

23  filing of this complaint.  Therefore, Plaintiff reserves, and will seek to supplement his

24  complaint at time of trial as to his subsequent events, according to proof.

25

26

## PARTIES

27      7.    At all times relevant to this complaint, Plaintiff qualified as a "person with a

28  disability," as this term is used under California law and under federal laws including but not

Bhimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0601

Complaint for Injunctive Relief and Damages    — 3 —

1   limited to Title III of the ADA. Plaintiff requires the use of a wheelchair for traveling about

2   in public places.

3       8.      At all times relevant herein, Defendants YEE MEI CHEUNG & FAMILY;

4   YEE MEI CHEUNG; TAT CHEUNG; MACIEL CICERO; LAGHAEI FARID; WAI BING

5   CHEUNG; YOUNG NG YING; VILLAGE PIZZERIA; VILLAGE PIZZERIA, INC.;

6   THIDWICK BOOKS; LEA GREY; PERIOD GEORGE; GIBSON LINES, LLC; DONALD

7   GIBSON; and DOES 1 through 50, Inclusive, were and/or are the current, future or

8   prospective owners and operators, lessors and/or lessees of public facilities, and subject to the

9   requirements of California State law requiring full and equal access to public facilities

10   pursuant to Sections 4450 et seq. of the Government Code; 19955-19959 of the Health &

11   Safety Code; Sections 54.1 and 54.3 Civil Code; and subject to Title III of the Americans

12   With Disabilities Act of 1990; and to all other legal requirements referred to in this complaint.

13   Plaintiff does not know the relative responsibilities of Defendants in the ownership, control,

14   and operation of the facilities herein complained of, and alleges a joint venture and common

15   enterprise by all such Defendants.

16       9.      Plaintiff seeks to hold responsible the tenants VILLAGE PIZZERIA;

17   VILLAGE PIZZERIA, INC.; MACIEL CICERO; LAGHAEI FARID; and DOES 1 through

18   50 responsible for only the portion of the building occupied by these tenants (Village

19   Pizzeria), plus any associated common areas.

20       10.     Plaintiff seeks to hold responsible the tenants THIDWICK BOOKS, LEA

21   GREY, and DOES 1 through 50 responsible for only the portion of the building occupied by

22   these tenants (Thidwick Books), plus any associated common areas.

23       11.     Plaintiff seeks to hold responsible the tenants PERIOD GEORGE; GIBSON

24   LINES, LLC; DONALD GIBSON; and DOES 1 through 50, Inclusive for only the portion of

25   the building occupied by these tenants (Period George), plus any associated common areas.

26       12.     Plaintiff is informed and believes that each of the Defendants herein, including

27   DOES 1 through 50, inclusive, is the owner, constructive owner, beneficial owner, trust,

28   trustee, agent, ostensible agent, alter ego, master, servant, employer, employee, representative,

Olimesch Slaw Ufficen
15S HILL TOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401
**Complaint for Injunctive Relief and Damages**                    — 4 —

1   franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board,
2   commission, department, or other governmental agency, representative, or such similar
3   capacity, of each of the other Defendants, and was at all times acting and performing, or
4   failing to act or perform, within the course and scope of his, her or its authority as a owner,
5   constructive owner, beneficial owner, agent, trust, trustee, ostensible agent, alter ego, master,
6   servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner,
7   associate, parent company, subsidiary, board, commission, department, or other governmental
8   agency, representative, or such similar capacity, and with the authorization, consent,
9   permission or ratification of each of the other Defendants, and is responsible in some manner
10  for the acts and omissions of the other Defendants in proximately causing the violations and
11  damages complained of herein, and have approved or ratified each of the acts or omissions of
12  each other defendant, as herein described. Plaintiff will seek leave to amend when the true
13  names, capacities, connections, and responsibilities of Defendants YEE MEI CHEUNG &
14  FAMILY; YEE MEI CHEUNG; TAT CHEUNG; MACIEL CICERO; LAGHAEI FARID;
15  WAI BING CHEUNG; YOUNG NG YING; VILLAGE PIZZERIA; VILLAGE PIZZERIA,
16  INC.; THIDWICK BOOKS; LEA GREY; PERIOD GEORGE; GIBSON LINES, LLC;
17  DONALD GIBSON; and DOES 1 through 50, Inclusive, are ascertained.

18

19                          **FACTUAL ALLEGATIONS**

20      13.    Further, the subject building and businesses and their facilities, including their
21  paths of travel, entrance facilities, counters, public restrooms, aisles, dining tables, and other
22  facilities, are each a "public accommodation or facility" subject to the requirements of
23  Government Code sections 4450 et seq., and of the California Civil Code sections 51, 54,
24  54.1, and 54.3. On information and belief, each such facility has, since January 1, 1968,
25  undergone unfinished "new construction," and/or "alterations, structural repairs, and
26  additions," each of which has subjected the subject building and businesses and its public
27  facilities to state disabled access requirements per section 19959 Health & Safety Code, and
28  since July 1, 1982, per provisions of Title 24 of the California Code of Regulations.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 388-0401

Complaint for Injunctive Relief and Damages                    — 5 —

14.    Plaintiff has visited the subject building and businesses establishment on numerous occasions as a paying customer in the last two years, and seeks actual and deterrence damages for the two year period that proceeds the filing of this complaint. The principal barrier is fundamental to the use of the facility. The front entrances of all three business are inaccessible (lacking a level landing at #1, and the total absence of a vertical means of access at #7 and #11), inaccessible dining tables at #1, inaccessible aisle ways at #7 and #11, inaccessible transaction counters, and inaccessible route of travel to the shared common bathroom in the rear hallway. On information and belief, Defendants have failed to provide access to multiple other facilities on site, including but not limited to, the accessibility of the interior facilities of the public restrooms, and condiment counters at #1. Plaintiff's legal representatives will require a formal inspection opportunity to measure and photograph the facilities and provide a complete inventory of all barriers affecting persons with disabilities who use wheelchairs for mobility such as Plaintiff.

15.    Plaintiff has complained in writing to Defendants, and, on information and belief Defendants have knowledge, or received notice, of Plaintiff's complaints and the inability of persons like Plaintiff to use facilities at the subject building and businesses. Despite knowledge of the access problems, and complaints from other disabled patrons, and the passage of extended time since Plaintiff and other disabled persons first provided notice of these deficiencies, Defendants have failed to investigate these problems, and have failed to take the necessary action to provide legally required access features to allow "full and equal" use of the premises by physically disabled persons.

16.    Title III of the ADA and California law required the removal of all such barriers.

17.    On information and belief, as a result of all Defendants' above stated acts and omissions, Plaintiff suffered loss of his Civil Rights to his statutory and general damage.

18.    Moreover, Plaintiff and other similarly situated disabled persons will continue to be damaged on a continuous basis as long as Defendants fail to provide proper disabled access in the respects complained of, as they will either be discouraged from using the subject

Ohimach Law Offices
150 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 6 —

1    building and businesses, or to make the visit despite the obstacles to access, they would have

2    to encounter, and suffer, additional discriminatory experiences.

3        19.    Plaintiff has no adequate remedy at law as to the recurring damages facing him

4    each time he returns to these inaccessible facilities.  Unless the relief requested herein is

5    granted, Plaintiff and many other physically disabled persons will each suffer irreparable

6    harm in that their fundamental right to accessible public facilities while patronizing the

7    subject building and businesses will be denied and abridged.

8        20.    Plaintiff is further informed and believes that during the applicable statutory

9    periods the named Defendants and each of them have been made aware orally and in writing,

10   of the inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and

11   other persons with disabilities similarly situated, and of the federal and state legal obligations

12   of owners and operators of public facilities to make their facilities accessible to disabled

13   persons.  Despite being informed of such effect on disabled persons and the manner in which

14   their practices and lack of accessible facilities were continuing to discriminate against

15   disabled persons on a day-to-day basis, said Defendants and each of them knowingly and

16   willfully failed and refused to take proper steps to rectify this situation and to provide full and

17   equal access for disabled persons to each public facility referred to herein.

18       21.    Plaintiff requests that an injunction be ordered requiring that Defendants make

19   all such facilities herein described, accessible to and usable by disabled persons, and instruct

20   all employees as to proper policies to facilitate access, and set up practices and procedures to

21   ensure that no disabled person who is mobility impaired is denied the use of the

22   aforementioned facilities that are open to the general public, and that all such facilities be

23   made "accessible to and usable by" physically disabled persons.

24       22.    Plaintiff has no adequate remedy at law as to facing the recurring damages

25   facing him each time that he returns to these inaccessible facilities, and unless the relief

26   requested herein is granted, Plaintiff and other disabled persons will each suffer irreparable

27   injury by the deprivation of access to the specified public facilities operated by Defendants.

28   ////

Ohimach Law Offices
159 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 7 —

**FIRST CAUSE OF ACTION:**

**Violations of the Americans with Disabilities Act of 1990**

**42 USC §§ 12101ff**

23.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 22 of this complaint and incorporates them herein as if separately repled.

24.     Pursuant to law, in 1990 the United States Congress made findings per 42 U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

25.     Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC § 12101(b)):

It is the purpose of this act —

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the

Uhlmann Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 568-0401

Complaint for Injunctive Relief and Damages                                    — 8 —

1    major areas of discrimination faced day to day by people with disabilities.

2    (Emphasis added)

3    26.    As part of the Americans with Disabilities Act, Public Law 101-336,

4    (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

5    Operated by Private Entities" (42 U.S.C 12181ff).  Defendants' facility is among "private

6    entities" which are considered "public accommodations" and "commercial facilities."

7    27.    Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be

8    discriminated against on the basis of disability in the full and equal enjoyment of the goods,

9    services, facilities, privileges, advantages, or accommodations of any place of public

10   accommodation by any person who owns, leases, or leases to, or operates a place of public

11   accommodation."

12   28.    Among the general prohibitions of discrimination included in Section

13   302(b)(1)(A) are the following:

14   § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.   — It shall be

15   discriminatory to subject an individual or class of individuals on the basis of a

16   disability or disabilities of such individual or class, directly, or through

17   contractual, licensing, or other arrangements, to a denial of the opportunity of

18   the individual or class to participate in or benefit from the goods, services,

19   facilities, privileges, advantages, or accommodations of an entity."

20   § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall

21   be discriminatory to afford an individual or class of individuals, on the basis of

22   a disability or disabilities of such individual or class, directly, or through

23   contractual, licensing, or other arrangements with the opportunity to participate

24   in or benefit from a good, service, facility, privilege, advantage, or

25   accommodation that is not equal to that afforded to other individuals."

26   § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to

27   provide an individual or class of individuals, on the basis of a disability or

28   disabilities of such individual or class, directly, or through contractual,

Ohlmsch Law Offices
155 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 9 —

1    licensing, or other arrangements with a good, service, facility, privilege,

2    advantage, or accommodation that is different or separate from that provided to

3    other individuals, unless such action is necessary to provide the individual or

4    class of individuals with a good, service, facility, privilege, advantage, or

5    accommodation, or other opportunity that is as effective as that provided to

6    others."

7    29.    Among the specific prohibitions against discrimination in the ADA are

8    included the following:

9    § 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies,

10   practices or procedures when such modifications are necessary to afford such

11   goods, services, facilities, privileges, advantages or accommodations to

12   individuals with disabilities..."

13   § 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and

14   communication barriers that are structural in nature, in existing facilities...

15   where such removal is readily achievable;"

16   § 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a

17   barrier under clause (iv) is not readily achievable, a failure to make such

18   goods, services, facilities, privileges, advantages, or accommodations available

19   through alternative methods if such methods are readily achievable." The acts

20   and omissions of Defendants set forth herein were in violation of Plaintiff's

21   rights under the ADA, Public Law 101-336, and the regulations promulgated

22   thereunder, 28 CFR Part 36ff.

23   30.    The removal of each of the barriers complained of by Plaintiff as hereinabove

24   alleged (i.e., in paragraph 14) were — at all times on or after January 26, 1992 — "readily

25   achievable."

26   31.    Further, at all times herein mentioned, modification of or removal of these

27   barriers was "readily achievable" under the factors specified in the Americans with

28   Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and

Bhimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 585-0601

Complaint for Injunctive Relief and Damages          — 10 —

1   the Regulations adopted thereto.

2        32.     "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a

3   facility or part thereof that was altered after the effective date of Section 303 of the ADA in

4   such a manner as to affect or that could affect the usability of the facility or part thereof by

5   persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to

6   make alterations in such a manner that, to the maximum extent feasible, the altered portions of

7   the facility are readily accessible to and usable by individuals with disabilities, including

8   individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving

9   a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C.

10  12183), also includes the failure of an entity "to make the alterations in such a manner that, to

11  the maximum extent feasible, the path of travel to the altered area and the bathrooms,

12  telephones, and drinking fountains serving the altered area, are readily accessible to and

13  usable by individuals with disabilities." On information and belief, the subject building

14  constitutes a "commercial facility," and Defendants have, since the date of enactment of the

15  ADA, performed alterations (including alterations to areas of primary function) to the subject

16  building and its facilities, public accommodations, and commercial facilities, which fail to

17  provide facilities and paths of travel to such areas that are readily accessible to and usable by

18  individuals with disabilities, in violation of Section 303(a)(2), and the regulations

19  promulgated thereunder, 28 CFR Part 36ff. This includes the facilities and barriers identified

20  in paragraph 14.

21       33.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, Section 308,

22  Plaintiff is entitled to the remedies and procedures set forth in Section 204, subsection (a), of

23  the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as Plaintiff is being

24  subjected to discrimination on the basis of disability in violation of this title or has reasonable

25  grounds for believing that he is about to be subjected to discrimination in violation of Sections

26  302 and 303. On information and belief, Defendants have continued to violate the law and

27  deny the rights of Plaintiff and of other disabled persons to access this public accommodation.

28  Pursuant to Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)...

Bhimesch Law Offices
118 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

1  injunctive relief shall include an order to alter facilities to make such facilities readily

2  accessible to and usable by individuals with disabilities to the extent required by this title."

3       34.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been

4  required to incur legal expenses and attorney fees, as provided by statute, in order to enforce

5  Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons

6  and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of

7  all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant

8  to the provisions of Section 505 of the ADA (42 U.S.C. 12205) and the Department of

9  Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally,

10  Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but

11  also to require the Defendants to make their facilities accessible to all disabled members of

12  the public, justifying "public interest" attorneys' fees pursuant to the provisions of California

13  Code of Civil Procedure Section 1021.5.

14       WHEREFORE, Plaintiff pray that this Court grant relief as hereinafter stated:

15

16               **SECOND CAUSE OF ACTION:**

17        **Denial of Full and Equal Access to a Person with a Disability**

18               **In a Public Facility,**

19        **In Violation of California's Disabled Access Statutes**

20       35.    Plaintiff repleads and incorporates by reference, as if fully set forth again

21  herein, the allegations contained in Paragraphs 1 through 34 of this complaint and

22  incorporates them herein as if separately repled.

23       36.    Plaintiff Craig Yates and other similarly situated physically disabled persons

24  (whose physical conditions require the use of a wheelchair or other mobility devices) are

25  unable to use public facilities at subject building and businesses on a "full and equal" basis

26  unless such facilities are brought into compliance with the provisions of California Health &

27  Safety Code sections 19955 et seq. Plaintiff is a member of that portion of the public whose

28  rights are protected by the provisions of sections 19955 et seq. Health & Safety Code.

Ahlmesh Law Offices
138 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages        — 12 —

37.     Under section 54.1 Civil Code, persons with disabilities are entitled to "full and equal access" to public accommodations. "Public accommodations" are further defined as a building, structure, facility complex, or improved area which is used by the general public and attendant facilities.

38.     Defendants participate in the operation of the subject public accommodation, subjecting the property and all such Defendants to the requirements of California's Disabled Rights statutes.

39.     Health & Safety Code Section 19955 provides in pertinent part:

(a)     The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

40.     Health and Safety Code Section 19956, which appears in the same chapter as section 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

41.     Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the subject building and businesses were constructed and/or altered after July 1, 1970, and portions of the subject building were structurally remodeled, altered and have undergone structural repairs or additions after July 1, 1970.  Such construction required such building and its public accommodation facilities to be subject to the requirements of Part 5.5, Sections 19955, et seq., of the Health and Safety Code, which requires provision of access upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or upon a change of occupancy (a form of "alteration").

Ohlmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 388-0401

Complaint for Injunctive Relief and Damages                    — 13 —

42.     Multiple construction, alterations, structural repairs and/or additions were completed on the subject building and businesses property after the January 1, 1968 effective date of Government Code Sections 4450 et seq., and the July 1, 1970 effective date of Healthy & Safety Code Section 19955-19959, legally requiring that proper access for disabled persons be provided in each and every regard complained of in the Complaint.

43.     Construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of Regulations. Further, section 19955 Health & Safety Code also requires that, "[w]hen sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations (formerly known as the California Administrative Code and now known as the California Building Code), was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" is carried out. Title 24 imposes additional access requirements with which Defendants have not complied, including additional requirements for accessible restrooms which serve the areas of alteration.

44.     As a result of the actions and failure to act of Defendants and each of them, and as a result of the failure to provide proper disabled accessible facilities as above described, Plaintiff Craig Yates was denied his Civil Rights, including his right to full and equal access to public facilities, was embarrassed and humiliated, suffered physical, psychological and mental injuries and emotional distress, all to the general damages of Plaintiff in an amount within the jurisdiction of this Court.

45.     Plaintiff seeks damages on a continuing and ongoing basis for the statutory period preceding the filing of his complaint herein, and the continuous and ongoing damages suffered thereafter.

46.     As a result of the Defendants' continuing failure to provide proper access for disabled persons to use the public facilities, Plaintiff has continually been denied his rights to

Brunner Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 14 —

1   full and equal access to subject building and businesses and its attendant facilities on a

2   continuous basis for the above specified period up to the filing of this complaint and

3   continuing until Defendants provide accessible facilities in each of the respects complained of

4   herein.

5      47.   The acts and omissions of Defendants as complained of herein are continuing

6   to have the effect of wrongfully excluding Plaintiff and other members of the public who are

7   physically disabled wheelchair users from full and equal access to the public facilities

8   involved.  Such acts and omissions continue to treat Plaintiff as inferior and a second class

9   citizen and serve to discriminate against him on the sole basis that he is physically disabled

10  and requires the use of a wheelchair for movement in public places; Plaintiff is unable, so

11  long as such acts and omissions of Defendants continue, to achieve full and equal access to

12  these public facilities.  The acts of Defendants have proximately caused and will continue to

13  cause irreparable injury to Plaintiff if not enjoined by this court.

14     48.   WHEREFORE, Plaintiff asks this court to preliminarily and permanently

15  enjoin any continuing refusal by those Defendants which currently own, operate or lease the

16  premises, or who control such premises as the operating public entities, to grant such access to

17  Plaintiff and other similarly situated persons, and to require such Defendants to comply

18  forthwith with the applicable statutory requirements relating to access for the disabled.  Such

19  injunctive relief is provided by section 19953 Health & Safety Code and California Civil

20  Code section 55.  Plaintiff further requests that the court award damages, attorneys' fees,

21  litigation expenses and costs to Plaintiff pursuant to section 19953 Health & Safety Code,

22  Civil Code section 55, and Code of Civil Procedure §1021.5, all as hereinafter prayed.

23

24               **THIRD CAUSE OF ACTION:**

25             **Violation of California's Disabled Rights Acts**

26                  **(§§54, 54.1 and 55 Civil Code)**

27     49.   Plaintiff repleads and incorporates by reference, as if fully set forth again

28  herein, the allegations contained in paragraphs 1 through 48 of this complaint and

Ohimasch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 15 —

1   incorporates them herein as if separately repled.

2       50.     The aforementioned acts and omissions of Defendants and each of them
3   constitute a denial of equal access to and use and enjoyment of these facilities by persons with
4   disabilities, including Plaintiff Craig Yates. Said acts and omissions are also in violation of
5   provisions of Title 24 of the California Administrative Code (later known as the California
6   Code of Regulations and the California Building Code.)

7       51.     On or about the above dates complained of, and on multiple occasions
8   thereafter, including occasions of deterrence, Plaintiff Craig Yates suffered violations of
9   sections 54 and 54.1 Civil Code in that he was denied full and equal access to the subject
10  building and businesses facilities on the basis that he was a physically disabled persons.

11      52.     Plaintiff is further informed and believes that before and after such dates, the
12  named Defendants and each of them were made aware orally and in writing of the
13  inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and other
14  persons with disabilities similarly situated, and of the federal and state legal obligations of
15  owners and operators of public facilities to make their facilities accessible to disabled persons.
16  Despite being informed of such effect on disabled persons and the manner in which their
17  practices and lack of acceptable facilities were continuing to discriminate against disabled
18  persons on an ongoing basis, said Defendants and each of them knowingly and willfully failed
19  and refused to take any steps to rectify this situation and to provide full and equal access for
20  disabled persons to each public facility referred to herein.

21      53.     At all times since Plaintiff's above specified complaints, and on information
22  and belief for periods prior to this date, Defendants were on notice of the requirements of the
23  law relating to provision for full and equal disabled access. Especially as Defendants were on
24  full notice, each day that Defendants have continued to deny access to disabled persons
25  constitutes a new and distinct violation of Plaintiff's right to full and equal access to this
26  public facility, in violation of Sections 54 and 54.1, et seq. Civil Code. In the event of a
27  default judgment against any particular defendant, Plaintiff will seek an injunction requiring
28  provision of all access called for in this complaint, plus damages of $1,000 per incident of

Ohlmasch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 16 —

1   encounter or deterrence from the date of Plaintiff's filing of this complaint, plus reasonable

2   attorneys' fees, litigation expenses and costs as set by the court, until the site is brought into

3   full compliance with state and federal access laws protecting the rights of the disabled, or,

4   alternatively, until the date of entry of default.

5         54.    As a result of the denial of equal access to Defendants' facilities due to the acts

6   and omissions of Defendants and each of them in owning, operating, and maintaining this

7   subject public facility, Plaintiff Craig Yates suffered violations of his Civil Rights including

8   but not limited to rights under sections 54 and 54.1 Civil Code, and suffered physical injury

9   and discomfort, emotional shock, mental and emotional distress, embarrassment and

10  humiliation, all to his damages as hereinafter stated.  Defendants' actions and omissions to act

11  constituted discrimination against Plaintiff on the sole basis that he was physically disabled

12  and unable, because of the architectural barriers created by the Defendants in violation of the

13  subject laws, to use the public facilities on a full and equal basis as other persons.

14        55.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

15  period preceding the filing of his complaint, and the continuous and ongoing damages

16  suffered thereafter.

17        56.    Subject to the terms of the preceding paragraph, Plaintiff also seeks damages

18  against all Defendants for the violation of his rights as a person with a disability during his

19  patronage at the subject building and businesses, and on multiple visits thereafter, according

20  to proof, pursuant to section 54.3 Civil Code, including a trebling of all statutory and actual

21  damages, general and special, available pursuant to section 54.3 Civil Code.  Plaintiff also

22  seeks such damages for such Defendants' continuing to maintain such facilities in an

23  inaccessible condition since date of his earliest visit, and continuing to the date of the filing of

24  the original complaint, and thereafter until Defendants provide full and equal access.  Plaintiff

25  also seeks injunctive relief against all Defendants pursuant to section 55 Civil Code, requiring

26  Defendants to make their facilities accessible to disabled persons in each of the respects

27  complained of herein.

28        57.    As a result of Defendants' acts and omissions in this regard, Plaintiff Craig

Ohlmeach Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 568-0401

Complaint for Injunctive Relief and Damages                    — 17 —

1   Yates has been required to incur legal expenses and hire attorneys in order to enforce his
2   rights and enforce provisions of the law protecting access for persons with disabilities and
3   prohibiting discrimination against persons with disabilities. Plaintiff therefore seeks recovery
4   in this lawsuit for all reasonable attorneys' fees and costs incurred pursuant to the provisions
5   of sections 54.3 and 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to
6   obtain compensation for damages to Plaintiff, but also to require the Defendants to make their
7   facilities accessible to all disabled members of the public, conferring a significant public
8   benefit, and justifying attorneys' fees, litigation expenses and costs pursuant to the provisions
9   of section 1021.5 Code of Civil Procedure.

10      WHEREFORE, Plaintiff prays for damages and declaratory and injunctive relief as
11  hereinafter stated.

12

13                          **FOURTH CAUSE OF ACTION:**

14          **Damages and Injunctive Relief for Violation of Title III of the**

15      **Americans With Disabilities Act Under California's Disabled Rights Act**

16      58.     Plaintiff repleads and incorporates by reference, as if fully set forth again
17  herein, the allegations contained in paragraphs 1 through 57 of this complaint and
18  incorporates them herein as if separately repled.

19      59.     Each violation of the Americans With Disabilities Act of 1990, as complained
20  of in the First Cause of Action hereinabove (the contents of which cause of action is
21  incorporated herein as if separately repled), is also a violation of section 54(c) and section
22  54.1(d) California Civil Code, further and independently justifying damages, injunctive and
23  other statutory relief per section 54.3 and 55 California Civil Code.

24      60.     Plaintiff seeks damages on a continuing and ongoing basis for the statutory
25  period preceding the filing of his complaint herein, and the continuous and ongoing damages
26  suffered thereafter.

27      61.     Plaintiff has no adequate remedy at law, and unless the relief requested herein
28  is granted, Plaintiff will suffer irreparable harm in that they will continue to be discriminated

Ohlmsch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 18 —

1   against and denied access to the specified public facilities.   Because Plaintiff seeks

2   improvement of access for persons with disabilities, which will benefit a significant portion of

3   the public, Plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil

4   Procedure, section 54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

5       WHEREFORE, Plaintiff prays for relief as hereinafter stated.

6

7                       **FIFTH CAUSE OF ACTION:**

8       **Damages and Injunctive Relief under the Unruh Civil Rights Act**

9                    **For Violation of Title III of the ADA**

10      62.   Plaintiff repleads and incorporates by reference, as if fully set forth again

11  herein, the allegations contained in Paragraphs 1 through 61 of this complaint and

12  incorporates them herein as if separately repled.

13      63.   Each violation of the Americans With Disabilities Act of 1990, as complained

14  of in the First Cause of Action hereinabove (the contents of which causes of action are

15  incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh

16  Civil Rights Act, further and independently justifying damages of $4,000 per offense,

17  injunctive relief, and other statutory relief, all as previously pled, per sections 52 and common

18  law decision.

19      64.   Plaintiff seeks damages on a continuing and ongoing basis for the statutory

20  period preceding the filing of the complaint herein, and the continuous and ongoing damages

21  suffered thereafter.

22      65.   As a result of Defendants' acts and omissions in this regard, Plaintiff has been

23  required to incur legal expenses and attorney fees, as provided by statute, in order to enforce

24  Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons

25  and prohibiting discrimination against disabled persons.   Plaintiff therefore seeks recovery of

26  all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant

27  to the provisions of Section 52 of the Civil Code.   Additionally, Plaintiff's lawsuit is intended

28  not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to

Oblensch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 388-0401

Complaint for Injunctive Relief and Damages                              — 19 —

1   make their facilities accessible to all disabled members of the public, justifying "public

2   interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure

3   Section 1021.5.

4       WHEREFORE, Plaintiff prays for relief as hereinafter stated.

5

6                           **SIXTH CAUSE OF ACTION:**

7                              **(Declaratory Relief)**

8       66.     Plaintiff repleads and incorporates by reference, as if fully set forth again

9   herein, the allegations contained in Paragraphs 1 through 65 of this complaint and

10  incorporates them herein as if separately repled.

11      67.     A present and actual controversy exists among the respective rights and

12  obligations of Plaintiff and Defendants, and separately, as to the obligations that have been

13  impressed by the aforementioned statutes against the property irrespective of past or future

14  ownership.  Plaintiff requests a judicial determination of his rights and such obligations in a

15  declaration, and also as to whether and to what extent Defendants' conduct and the current

16  configuration of the property violate applicable law.

17      68.     Such a declaration is necessary and appropriate at this time in order that

18  Plaintiff may ascertain his rights.  Such declaration is further necessary and appropriate to

19  prevent further harm or infringement of Plaintiff's Civil Rights.

20      Wherefore, Plaintiff prays the court grant relief as requested hereinbelow.

21

22                        **SEVENTH CAUSE OF ACTION:**

23                  **Violation of Government Code Section 12948**

24      69.     Plaintiff repleads and incorporates by reference, as if fully set forth again

25  herein, the factual allegations contained in paragraphs 1 through 68 of this Complaint and

26  incorporate them herein as if separately repled.

27      70.     Defendants' actions are in violation of Government Code Section 12948, and

28  the corresponding Civil Code Sections 51, 54, and 54.1.

Ohimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 20 —

1    71.    Plaintiff seeks injunctive relief, statutory and compensatory damages, punitive

2    damages, and attorneys fees under the FEHA.

3         Wherefore, Plaintiff prays that the Court grant relief as requested herein below.

4

5                              **EIGHTH CAUSE OF ACTION:**

6    **Negligence Per Se in Injuring Plaintiff Due to Violations of State and Federal Law**

7         **Protecting the Disabled, and Complete Indifference to the Certain Result**

8    72.    Plaintiff repleads and incorporates by reference, as if fully set forth again

9    herein, the factual allegations contained in paragraphs 1 through 71 of this Complaint and

10   incorporate them herein as if separately repled.

11   73.    Defendants' actions, as previously pled, constitute negligence per se, as they

12   constitute violations of state and federal laws protecting the rights and safety of disabled

13   persons such as Plaintiff.

14   74.    Further, any violation of the Americans With Disabilities Act of 1990 (as pled

15   in the First Causes of Action as to their respective defendants hereinabove, the contents of

16   which are repled and incorporated herein, word for word, as if separately restated hereafter),

17   also constitutes a violation of Section 54(c) and Section 54.1(d) California Civil Code, thus

18   independently justifying an award of damages and injunctive relief pursuant to California law

19   on this basis, including but not limited to Civil Code Sections 54.3 and 55.

20        Wherefore, Plaintiff prays that the court grant relief as requested herein below.

21

22                              **PRAYER FOR RELIEF**

23        Plaintiff prays that this Court award damages and provide relief as follows:

24   1.    Grant injunctive relief requiring that those of the Defendants that currently

25   own, operate, control or lease the subject premises, repair the premises and render them safe

26   to disabled persons, and modify their policies and procedures, and otherwise provide "full and

27   equal access" to the public areas herein complained of, and make such facilities "readily

28   accessible to and usable by individuals with disabilities," according to the standards of

Ohlmeich Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 21 —

1   sections 51, 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California
2   Administrative Code; Sections 19955-19959 of the Health & Safety Code; Sections 4450-
3   4456 of the California Government Code; Title III of the Americans With Disabilities Act of
4   1990; the Americans With Disabilities Act Access Guidelines; and provide full and equal
5   access to physically disabled persons, including Plaintiff, in all manners required by such
6   statutes and government regulations;

7       2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied
8   that Defendants' unlawful barriers no longer exist, and will not recur;

9       3.      Issue a declaratory judgment that Defendants' actions and omissions, and
10  failures, including to modify the premises in compliance with the law, and to make reasonable
11  accommodations and reasonable modifications for Plaintiff and other similarly situated
12  disabled persons violates the rights Plaintiff and other similarly situated persons rights under
13  the Health & Safety Code Sections 19955-19959; Civil Code Sections 51, 54, and 54.1 et
14  seq.; Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et seq., and the
15  regulations promulgated thereunder; and the due process clauses of the United States and
16  California Constitutions.

17      4.      Issue a declaratory judgment regarding the obligations impressed by law
18  against the subject building and businesses, and declaring that Plaintiff is entitled to disabled
19  accessible and usable subject building and businesses facilities including its accessible route
20  to the main entrance, its public restrooms, its dining tables, and other facilities, so that they
21  may make use of the public facilities and participate in the activities offered by Defendants
22  without suffering discrimination or impediment on the basis of his disability;

23      5.      Because Defendants have refused to remedy the violations at their facility after
24  notice from Plaintiff, Plaintiff seeks an award of statutory and "actual" damages against all
25  Defendants, including general damages and special damages, according to proof, against such
26  Defendants pursuant to sections 52 and 54.3 Civil Code, and that these damages be trebled;

27      6.      Award prejudgment interest on all damages;

28      7.      Award all costs of this proceeding and all reasonable attorneys' fees, litigation

Ghimach Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                      — 22 —

1     expenses and costs as provided by law, including but not limited to those recoverable pursuant

2     to the provisions of sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure,

3     section 19953 Health & Safety Code, section 505 of the Americans With Disabilities Act; and

4         **8.**      Punitive damages pursuant to Section 3294 Civil Code (Re: Seventh and

5     Eighth Causes of Action Only);

6         **9.**      Grant such other and further relief as this Court may deem just and equitable.

7

8     Dated: November 27, 2010          THIMESCH LAW OFFICES

9

10

11                                        TIMOTHY S. THIMESCH
                                        Attorneys for Plaintiff CRAIG YATES

12

13                               **DEMAND FOR JURY TRIAL**

14        Plaintiff demands a jury on all claims for which a jury is permitted.

15     Dated: November 27, 2010          THIMESCH LAW OFFICES

16

17

18                                          TIMOTHY S. THIMESCH
                                        Attorneys for Plaintiff CRAIG YATES

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                        — 23 —