1
**Thimesch Law Offices**
TIMOTHY S. THIMESCH, Esq. (No. 148213)
2
158 Hilltop Crescent
Walnut Creek, CA 94576-3452
3
Direct: (925) 588-0401
Facsimile: (888) 210-8868
4
tim@thimeschlaw.com

5
Attorneys for Plaintiff CRAIG YATES

6
RICHARD L. BECKMAN, ESQ.
SBN 148375
7
BECKMAN MARQUEZ & DOWLING LLP
    rich@beckmanblairllp.com
8
Central Tower Building
703 Market Street, Suite 1610
9
San Francisco, CA 94103
10
Tel: (415) 495-8500
Fax: (415) 495-8590

11

12
Attorneys for Defendants VILLAGE PIZZERIA; VILLAGE PIZZERIA,
INC.; and MACIEL CICERO

13

14
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
15

16
CRAIG YATES,                         CASE NO. CV-10-05404 MEJ
                                     Civil Rights
17
        Plaintiff,

18
v.                                   STIPULATION AND ~~[Proposed]~~
                                     ORDER RE BLUEPRINTS
19
YEE MEI CHEUNG & FAMILY; YEE
MEI CHEUNG; TAT CHEUNG; MACIEL
20
CICERO; LAGHAEI FARID; WAI BING
CHEUNG; YOUNG NG YING; VILLAGE
21
PIZZERIA; VILLAGE PIZZERIA,
INC.; THIDWICK BOOKS; LEA GREY;
22
PERIOD GEORGE; GIBSON LINES,
LLC; DONALD GIBSON; AND DOES 1
23
THROUGH 50, INCLUSIVE,

24
        Defendants.
_____  /
25

26
    **TO THE COURT:**

27
    WHEREAS the construction history of the building and public

28
sidewalk at Nos. 1 – 11 Clement Street, San Francisco,

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Stipulation and Proposed Order Re Blueprints: Case No. CV-10-05404 MEJ**

1   California, (hereafter "Subject Building") is at issue in this

2   case;

3       WHEREAS, the Custodians of Records Of The City and County of

4   San Francisco Department of Building Inspection and of the

5   Planning Department (AKA The "City of San Francisco Building and

6   Planning Departments") are in possession of certain blueprints,

7   schematics and drawings related to the design and construction of

8   the subject building that are potentially relevant to the

9   construction history and liability issues in this case, or will

10  lead to the discovery of admissible evidence on such issues,

11      WHEREAS the Parties desire to obtain certified copies from

12  the Building and Planning Department of these documents for

13  discovery and evidentiary purposes,

14      WHEREAS Plaintiff has served a subpoena on the Building

15  Department and Planning Departments at **Exhibits 1 and 2**,

16      WHEREAS building departments in California typically assert

17  that blueprints, schematics and drawings are allegedly

18  "privileged" material, and that such departments are constrained by

19  Health & Safety Code Section 19851 from producing copies of such

20  documents, even when served with a federal subpoena, i.e., unless,

21  inter alia, they are ordered by the Court to do so (see example

22  from the City of Los Angeles Building Department at **Exhibit 3**), [1]/

23

24  [1]    California Health and Safety Code Section 19851 provides

25         that the official copy of building plans maintained by the

26         building department of a city "may not be duplicated in

27         whole or in part except (1) with the written permission,

28         which permission shall not be unreasonably withheld as

1    WHEREFORE, ALL PARTIES WHO HAVE SO FAR APPEARED IN THIS

2  ACTION HEREBY REQUEST that the Court order the Building and

3  Planning Departments to produce all blueprints, schematics and

4  drawings and any other allegedly privileged material requested by

5  ////

---

19        specified in subdivision (f), of the certified, licensed

20        or registered professional or his or her successor, if

21        any, who signed the original documents and the written

22        permission of the original or current owner of the

23        building, or, if the building is part of a common interest

24        development, with the written permission of the board of

25        directors or governing body of the association established

26        to manage the common interest development, **or (2) by order**

27        **of a proper court or upon the request of any state**

28        **agency."** (Emphasis added.)

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Stipulation and Proposed Order Re Blueprints: Case No. CV-10-05404 MEJ                — 3 —

1   Plaintiff in the Subpoenas at **Exhibits 1 and 2.**

2      **SO STIPULATED.**

3

4   Dated: March 31, 2012        TIMOTHY S. THIMESCH
                            THIMESCH LAW OFFICE

5

6

7                                 Attorneys for Plaintiff

8                                 CRAIG YATES

9   Dated: March 31, 2012        RICHARD L. BECKMAN, ESQ.
                            BECKMAN MARQUEZ & DOWLING LLP

10

11                             /s/ Authorized Signed
                            Attorneys for Defendants

12                             VILLAGE PIZZERIA; VILLAGE PIZZERIA,
                            INC.; and MACIEL CICERO

13

14

15

16                               **ORDER**

17      SO ORDERED.

18

19

20   _____.

21

22   Dated:   April 10, 2012

23                             HON. MARIA-ELENA JAMES
                            MAGISTRATE Judge

24                             U.S. District Court

25

26

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Stipulation and Proposed Order Re Blueprints: Case No. CV-10-05404 MEJ**     — 4 —

EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of California

| | |
|---|---|
| Craig Yates | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   CV-10-05404 MEJ |
| Yee Mei Cheung & Family, et al. | ) |
| | )    (If the action is pending in another district, state where: |
| *Defendant* | )                                  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   San Francisco Department of Building Inspection, 1660 Mission Street, San Francisco, CA 94103

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Certified Copies of the Records Listed in Exhibit 1

| Place: San Francisco Department of Building Inspection, 1660 Mission Street, San Francisco, CA 94103 | Date and Time:<br><br>05/03/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   03/31/2012

| CLERK OF COURT | |
|---|---|
| _____ | OR    _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff Craig Yates
_____ , who issues or requests this subpoena, are:

TIMOTHY S. THIMESCH, ESQ. (NO. 148213); THIMESCH LAW OFFICES, 158 Hilltop Crescent, Walnut Creek, CA 04597-3452; 925-588-0401

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV-10-05404 MEJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print     Save As...     Add Attachment     Reset

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1          **"Exhibit 1" TO SUBPOENA IN A CIVIL CASE:**

2          **YOU** and **YOUR** as used herein refer to CUSTODIAN OF RECORDS,

3     CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF BUILDING

4     INSEPCTION (AKA THE "CITY OF SAN FRANCISCO DEPARTMENT OF

5     BUILDING AND SAFETY").

6          PLEASE PRODUCE **ANY AND ALL** **DOCUMENTS** WHATSOEVER IN

7     YOUR POSSESSION, CUSTODY, CARE AND/OR CONTROL THAT RELATE TO

8     the building located at or near Nos. 1 – 11 Clement Street, San

9     Francisco, California, Block 1433, Lot 037, and Assessor Volume

10    #10.  This includes the building and the surrounding premises

11    (including, but not limited to, the sidewalk, walkway,

12    entrances, hallways, tenant spaces, public restrooms, etc., at

13    such location, and/or any part thereof).  The subpoena also

14    includes any and all documents related to **YOUR** communication

15    with the owners, operators, managers, and lessors, of such

16    property, and its agents, employees and attorneys, including,

17    but not limited to, the following:

18          a)   Building, Planning, Zoning and Permits,

19               Applications, and Inspection Records;

20          b)   Correspondence;

21          c)   Memorandums;

22          d)   Notes;

23          e)   Your Reports Concerning the Subject Property;

24          f)   Your Billings, Invoices, and Receipts,

25               Contracts, Etc.;

26          g)   Surveys;

27          h)   Historical Data;

28          i)   Photographs;

---

"Exhibit 1" to Deposition Subpoena:
Case No. CV-10-05404 MEJ



PLAINTIFF'S
EXHIBIT
___1___

1   j)   Construction Invoices, Billings, Etc.

2   k)   Inventories, Interviews, Copies of Historical

3        Records and Articles;

4   l)   Blueprints;

5   m)   Written Findings Concerning Historical Fabric;

6   n)   Any and All Documents That Refer or Relate to

7        Communications With the City and County of San

8        Francisco Departments in charge of building and

9        planning functions;

10  o)   Any and All Documents That Refer or Relate to

11       Communications With the State Department of

12       Rehabilitation Mobility and Communications

13       Barriers Section and the Office of the State

14       Architect;

15  p)   Any and All Documents That Refer or Relate to

16       Communications with the City and County of San

17       Francisco Board of Supervisors;

18  q)   Any and All Documents That Refer or Relate to

19       Communications with the City and County of San

20       Francisco City Council;

21  r)   Any and All Documents That Refer or Relate to

22       Exceptions Granted or Sought for 'Unreasonable

23       Hardship' From Title 24 Requirements;

24  s)   Any and All Documents That Refer or Relate to

25       Consultation With Local Disabled Advocacy

26  ////

27

28

1          Groups;

2

3

Dated: March 31, 2012          Thimesch Law Offices

4

5

6          _____

Attorneys for Plaintiff

7          CRAIG YATES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | | |
|---|---|---|
| Craig Yates | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV-10-05404 MEJ |
| Yee Mei Cheung & Family, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  San Francisco Planning Department, 1650 Mission Street, Suite 400, San Francisco, CA 94103;
Telephone 415-558-6378

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Certified Copies of the Records Listed in Exhibit 1

| Place: San Francisco Department of Building Inspection, 1660 Mission Street, San Francisco, CA 94103 | Date and Time: 05/03/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   03/31/2012

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff Craig Yates
_____ , who issues or requests this subpoena, are:

TIMOTHY S. THIMESCH, ESQ. (NO. 148213); THIMESCH LAW OFFICES, 158 Hilltop Crescent, Walnut Creek, CA 04597-3452; 925-588-0401

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV-10-05404 MEJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"Exhibit 1" TO SUBPOENA IN A CIVIL CASE:**

**YOU** and **YOUR** as used herein refer to CUSTODIAN OF RECORDS, CITY AND COUNTY OF SAN FRANCISCO PLANNING DEPARTMENT.

PLEASE PRODUCE **ANY AND ALL** **DOCUMENTS** WHATSOEVER IN YOUR POSSESSION, CUSTODY, CARE AND/OR CONTROL THAT RELATE TO the building located at or near Nos. 1 – 11 Clement Street, San Francisco, California, Block 1433, Lot 037, and Assessor Volume #10. This includes the building and the surrounding premises (including, but not limited to, the sidewalk, walkway, entrances, hallways, tenant spaces, public restrooms, etc., at such location, and/or any part thereof). The subpoena also includes any and all documents related to **YOUR** communication with the owners, operators, managers, and lessors, of such property, and its agents, employees and attorneys, including, but not limited to, the following:

        a)   Building, Planning, Zoning and Permits, Applications, and Inspection Records;

        b)   Correspondence;

        c)   Memorandums;

        d)   Notes;

        e)   Your Reports Concerning the Subject Property;

        f)   Your Billings, Invoices, and Receipts, Contracts, Etc.;

        g)   Surveys;

        h)   Historical Data;

        i)   Photographs;

        j)   Construction Invoices, Billings, Etc.

        k)   Inventories, Interviews, Copies of Historical


PLAINTIFF'S
EXHIBIT
1

1                   Records and Articles;

2        l)   Blueprints;

3        m)   Written Findings Concerning Historical Fabric;

4        n)   Any and All Documents That Refer or Relate to

5              Communications With the City and County of San

6              Francisco Departments in charge of building and

7              planning functions;

8        o)   Any and All Documents That Refer or Relate to

9              Communications With the State Department of

10             Rehabilitation Mobility and Communications

11             Barriers Section and the Office of the State

12             Architect;

13       p)   Any and All Documents That Refer or Relate to

14             Communications with the City and County of San

15             Francisco Board of Supervisors;

16       q)   Any and All Documents That Refer or Relate to

17             Communications with the City and County of San

18             Francisco City Council;

19       r)   Any and All Documents That Refer or Relate to

20             Exceptions Granted or Sought for 'Unreasonable

21             Hardship' From Title 24 Requirements;

22       s)   Any and All Documents That Refer or Relate to

23             Consultation With Local Disabled Advocacy

24  ////

25

26

27

28

1    Groups;

2

3

Dated: March 31, 2012          Thimesch Law Offices

4

5

6
                               Attorneys for Plaintiff
7                              CRAIG YATES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3

**CARMEN A. TRUTANICH,** City Attorney (SBN 86629)
**TAYO A. POPOOLA**, Deputy City Attorney (SBN 134564)
**ALAN W. BLACKMAN**, Deputy City Attorney (SBN 216143)
**MICHAEL J. BOSTROM**, Deputy City Attorney (SBN 211778)
700 City Hall East
200 North Main Street
Los Angeles, CA 90012
Telephone:  213.978.8068
Facsimile:213.978.8214
E-Mail:  Michael.Bostrom@lacity.org

Attorneys for Third Party
**CITY OF LOS ANGELES DEPARTMENT OF BUILDING
AND SAFETY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH MARSH, et al.<br><br>                    Plaintiffs,<br><br>          v.<br><br>GRAND KYOTO HOTEL, et al.<br><br>                    Defendant. | Case No. CV-10511-PA (AGRx)<br><br>Honorable Percy Anderson<br><br>**THIRD PARTY CITY OF LOS ANGELES DEPARTMENT OF BUILDING AND SAFETY'S OBJECTIONS TO SUBPOENA FOR PRODUCTION OF RECORDS** |

1

1    Third Party City of Los Angeles Department of Building and Safety

2    ("LADBS") hereby objects to Plaintiff Hugh Marsh's July 4, 2010 document

3    subpoena requesting "blueprints" related to the hotel property located at 120 South

4    Los Angeles Street.

5    California Health and Safety Code Section 19851 provides that the official

6    copy of building plans maintained by the building department of a city "may not be

7    duplicated in whole or in part except (1) with the written permission, which

8    permission shall not be unreasonably withheld as specified in subdivision (f), of the

9    certified, licensed or registered professional or his or her successor, if any, who

10   signed the original documents and the written permission of the original or current

11   owner of the building, or, if the building is part of a common interest development,

12   with the written permission of the board of directors or governing body of the

13   association established to manage the common interest development, or (2) by order

14   of a proper court or upon the request of any state agency."

15   Plaintiff has not provided LADBS with authorization from the building owner

16   or the design professional who signed the blueprints at issue in the subpoena. Nor

17   has Plaintiff provided LADBS with a Court Order pursuant to California Health and

18   Safety Code Section 19851. As such, state law prohibits LADBS from providing a

19   copy of the requested blueprints in response to the subpoena. LADBS may only

20   make the blueprints available for inspection.

21   LADBS takes no position on whether or not the Court in this action should

22   issue an order under California Health and Safety Code Section 19851 authorizing

23   the release of the requested blueprints.

24   //

25   //

26   //

27   //

28   //

2

1    Should the Court issues such an Order, LADBS will produce the requested

2    blueprints within a reasonable period of time.

3

4    Dated: July 8, 2010          **CARMEN A. TRUTANICH,** City Attorney
                                   **TAYO A. POPOOLA,** Deputy City Attorney
5                                  **MICHAEL J. BOSTROM,** Deputy City Attorney
                                   **ALAN W. BLACKMAN,** Deputy City Attorney
6

7

8                                  By: _____
                                         **MICHAEL J. BOSTROM**
9                                         Deputy City Attorney

10                                 Attorneys for Third Party
                                   **CITY OF LOS ANGELES DEPARTMENT OF
11                                 BUILDING AND SAFETY**

                                   M:\REAL PROP_ENV_LAND USE\LAND USE\MICHAEL
12                                 BOSTROM\MARSH\PLEADINGS\OBJECTIONS TO SUBPOENA.DOC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3